**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, <br><br>Plaintiffs, <br><br>v. <br><br>Landers Concrete, Inc., a dissolved Illinois Corporation, f/k/a Fowler & Landers Concrete, Inc., and Mark Landers, Individually. <br>Defendants. | CIVIL ACTION <br><br> NO. 20-CV-3190 |

**COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), bring this action to collect delinquent fringe benefit contributions and administrative dues from Defendant, Landers Concrete, Inc., a dissolved Illinois Corporation, f/k/a Fowler & Landers Concrete, Inc.; and to enforce a payment plan breached by Defendant Mark Landers who personally guaranteed payment on behalf of the corporate Defendant.

## COUNT I

### SUIT AGAINST LANDERS CONCRETE, INC. FOR DELINQUENT CONTRIBUTIONS

1. The Union is an "employee organization" under the Employee Retirement Income Security Act of 1974, and as amended ("ERISA"), 29 U.S.C. § 1002(4); and a "labor organization" under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Landers Concrete, Inc., formerly known as Fowler & Landers Concrete, Inc. ("LCI") is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a dissolved Illinois corporation engaged in the construction industry with its principal office in Ottawa, Illinois.

3. LCI identified Mark Landers as President with the Illinois Secretary of State (Exhibit A).

4. On March 12, 2019, LCI through its President Mark Landers, signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement between the Union and Illinois Valley Contractors Association, known as Illinois Valley Contractors Association Heavy, Highway & Underground Agreement (excerpts attached as Exhibit C).

5. On March 12, 2019, LCI through its President Mark Landers, signed a Memorandum of Agreement (attached as Exhibit D) with the Union that adopted the terms of a collective bargaining agreement between the Union and Illinois Valley Contractors Association, known as Illinois Valley Contractors Association Building Agreement (excerpts attached as Exhibit E) (both contracts collectively referred to hereinafter as "CBAs").

6. Under the terms of the CBAs, LCI is obligated to make contributions to the Midwest Operating Engineers Health and Welfare Fund, the Midwest Operating Engineers

Pension Trust Fund, the Midwest Operating Engineers Retirement Enhancement Fund, the Local 150 Apprenticeship Fund and the Construction Industry Research and Service Fund ("CRF").

7. The CBAs and the Agreements and Declarations of Trust incorporated therein require LCI to make fringe benefit contributions to the applicable Plaintiff fringe benefit funds. The Funds are "employee benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

8. The CBAs and Trust Agreements specifically require LCI to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the applicable fringe benefit funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the applicable fringe benefit funds be required to file suit;

(c) Pay interest to compensate the applicable fringe benefit funds for the loss of investment income;

(d) Make its payroll books and records available to the applicable fringe benefit funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the applicable fringe benefit funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the applicable fringe benefit funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request; and

(f) Furnish to the applicable fringe benefit funds a bond in an amount acceptable to the Funds.

9. The CBAs also requires LCI to make contributions to CRF. CRF is a labor management committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C.

§ 186 (c)(9). The CBAs place the same obligations on LCI with respect to CRF as it does the Funds.

10. The CBAs further require LCI to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where LCI does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

11. LCI has become delinquent in the submission of its contributions due the applicable fringe benefit funds and CRF, and administrative dues to the Union. As a result of this delinquency, it owes the applicable fringe benefit funds and CRF contributions, liquidated damages, interest, liquidated damages, attorneys' fees and any other cost of collection.

### Jurisdiction and Venue

12. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

13. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

### Allegations of Violations

14. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

15. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether

4

additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

16. LCI has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its contributions to the applicable fringe benefit funds and refused to pay liquidated damages and interest that has accrued.

17. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by LCI, there is a total of $37,378.38 known to be due the Funds from LCI, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against LCI for all unpaid contributions as identified in LCI's contribution reports;

B. Enjoin LCI to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin LCI at the Funds' option to submit to an audit of its payroll books and records in order to determine whether LCI owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require LCI to pay any contributions reasonably estimated to be due by the Funds for the period when LCI failed and refused to timely submit contribution reports;

D. Enter judgment against LCI and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at LCI's cost.

## COUNT II

### SUIT TO COLLECT CRF CONTRIBUTIONS FROM LANDERS CONCRETE, INC.

1-9. CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

**Jurisdiction and Venue**

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

12. LCI has failed to make timely payment of all contributions acknowledged to be due according to LCI's own contribution reports and the collective bargaining agreement, and LCI has failed to pay interest and liquidated damages required by the CBAs. Accordingly, LCI is in breach of its obligations to the CRF under the CBAs.

13. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by LCI, there is a total of $1,211.82 known to be due to CRF from LCI subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order LCI to submit any delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against LCI for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs;

    C.    Enjoin LCI to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

    D.    Award CRF such further relief as may be deemed just and equitable by the Court, all at LCI's cost.

## COUNT III

### SUIT TO COLLECT UNION DUES FROM LANDERS CONCRETE, INC.

1-9. The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12. LCI has failed to make timely payment of all administrative dues acknowledged to be due according to LCI's own reports and the collective bargaining agreement. LCI is required to pay liquidated damages by the CBAs. Accordingly, LCI is in breach of its obligations to the Union under the CBAs.

13. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by LCI, there is a total of $966.41 known to be due to the Union from LCI before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order LCI to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against LCI for all unpaid dues, liquidated damages, and the Union's reasonable attorneys' fees and costs, including any amounts estimated to be due because LCI failed to submit all dues reports required by the CBAs;

C. Enjoin LCI to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at LCI's cost.

## COUNT IV

### SUIT AGINST LANDERS CONCRETE, INC. FOR BREACH OF PAYMENT PLAN

1-9. The Funds, CRF and the Union re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

10. As a result of LCI's delinquency, LCI owed the Funds and CRF contributions, liquidated damages, and interest, and dues contributions to the Union. In order to forestall the filing of a lawsuit, LCI through its president Mark Landers, executed a Payment Plan Agreement ("Payment Plan") (Exhibit F). The parties executed the Payment Plan in Cook County, Illinois.

11. In that Payment Plan, LCI agreed to make installment payments of delinquent sums that it owed the Funds, the Union, and CRF. LCI and Mark Landers further agreed to submit its forthcoming monthly reports, contributions, and dues payments timely. Mark Landers agreed to accept personal liability for the amounts owed by LCI. In that Payment Plan, LCI and Mark Landers consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

**Jurisdiction and Venue**

12. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension and modification of the CBAs. Additionally, LCI executed the Payment Plan in Illinois and thus LCI availed itself of the law of State of Illinois. Furthermore, LCI stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

13. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties.

**Allegations of Violations**

14. LCI has breached its obligations under the Payment Plan because it has failed to make its required payments timely, and failed to submit its monthly reports, contributions, and dues timely. LCI has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled to the entry of judgment against LCI for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan.

15. That upon careful review of all records maintained by the Funds, there is a total of $35,049.30 due the Funds, the Union, and CRF from LCI under the Payment Plan, before the assessment of attorney's fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages would become due while this lawsuit is pending, and/or the possibility that LCI owes additional contributions and dues not yet identified by LCI in its reports. As of the date of the filing of this Complaint, there is an additional amount of $4,507.22 that has become due the Funds, the Union, and CRF since the execution of the Payment Plan, which will only increase as this lawsuit continues.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court:

A. Enter judgment in favor of the Funds, the Union, and CRF and against Landers Concrete, Inc. for all amounts still due under the Payment Plan;

B. Enter judgment in favor of the Funds, the Union, and CRF for all amounts that have become due following the execution of the Payment Plan;

C. Grant to the Funds, the Union, and CRF such further relief as may be deemed just and equitable by the Court, all at LCI's cost.

## COUNT V

### SUIT AGAINST MARK LANDERS, INDIVIDUALLY, FOR BREACH OF PAYMENT PLAN

1-9. The Funds, CRF and the Union re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

10. As a result of LCI's delinquency, LCI owed the Funds and CRF contributions, liquidated damages, and interest, and dues contributions to the Union. In order to forestall the filing of a lawsuit, LCI, through its President Mark Landers, executed a Payment Plan Agreement (Exhibit F). The parties executed the Payment Plan in Cook County, Illinois.

11. In that Payment Plan, LCI though Mark Landers agreed to make installment payments of delinquent sums that they owed the Funds, the Union, and CRF. Mark Landers further agreed to submit LCI's forthcoming monthly reports, contributions, and dues payments timely. Further, Mark Landers agreed to accept personal liability for the amounts owed by LCI. In that Payment Plan, Mark Landers consented to the entry of judgment against LCI, and himself, in the event of breach of the Payment Plan.

**Jurisdiction and Venue**

12. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension and modification of the CBAs.

Additionally, Mark Landers executed the Payment Plan in Illinois and thus Mark Landers availed himself of the law of State of Illinois. Furthermore, Mark Landers stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

13. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties.

## Allegations of Violations

14. Mark Landers has breached his obligations under the Payment Plan because he has failed to make the required payments timely. Mark Landers has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled to the entry of judgment against Mark Landers for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan.

15. That upon careful review of all records maintained by the Funds CRF and the Union, there is a total of $35,049.39 due the Funds, the Union, and CRF from Mark Landers under the Payment Plan, before the assessment of attorney's fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages would become due while this lawsuit is pending, and/or the possibility that Mark Landers owes additional contributions and dues not yet identified by the Company in its reports. As of the date of the filing of this Complaint, there is an additional amount of $4,507.22 that has become due the Funds, the Union, and CRF since the execution of the Payment Plan, which will only increase as this lawsuit continues.

WHEREFORE, the Funds, the Union, and CRF respectfully request that the Court:

A.   Enter judgment in favor of the Funds, the Union, and CRF and against Mark Landers for all amounts still due under the Payment Plan;

B.   Enter judgment in favor of the Funds, the Union, and CRF and against Mark Landers for all amounts that have become due following the execution of the Payment Plan;

    C.    Grant to the Funds, the Union, and CRF such further relief as may be deemed just and equitable by the Court, all at Mark Landers' cost.

Dated: May 29, 2020      Respectfully submitted,

By:   s/ Steven A. Davidson
One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF:      Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*
Steven A. Davidson *(sdavidson@local150.org)*
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fx: (708) 588-1647

Dale D. Pierson *(dpierson@local150.org)*
Steven A. Davidson *(sdavidson@local150.org)*
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fx: (708) 588-1647